Filed: 7/10/2019 11:55 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 35033420
By: Shailja Dixit
7/11/2019 10:01 AM

CAUSE NO. **19-CV-1259** _____

| | | |
|---|---|---|
| EDUARDO AND MONICA MONICA SALINAS,<br>Plaintiffs, | § § § § | IN THE DISTRICT COURT |
| vs. | § § | GALVESTON COUNTY, TEXAS |
| ASI LLOYDS, INC.,<br>Defendant. | § § § § | **Galveston County - 212th District Court**<br>____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW EDUARDO SALINAS ("Mr. Salinas") and MONICA SALINAS ("Mrs. Salinas"), Plaintiffs herein, and complains of Defendant ASI LLOYDS, INC. ("ASI"). In support of their claims and causes of action, Plaintiffs would respectfully show the Court as follows:

### I.

### DISCOVERY LEVEL

1.  This case is intended to be governed by Discovery Level 2.

### II.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

3.  Venue is proper in Galveston County because all or a substantial part of the events or omissions giving rise to the claim occurred in Galveston County. TEX. CIV. PRAC & REM CODE §15.002(a)(1). In particular, the loss at issue occurred in Galveston County.

**Status Conference - 10/03/2019**

EXHIBIT
B

### III.

### CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs only seek monetary relief over $100,000.00, but not more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

### IV.

### PARTIES

5. Plaintiff Eduardo Salinas is an individual whose residence is located in League City, Galveston County, Texas.

6. Plaintiff Monica Salinas is an individual whose residence is located in Houston, Galveston County, Texas.

7. Defendant ASI Lloyds ("ASI") is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporate Creations Network, Inc., via certified mail at 2425 West Loop S., Suite 200, Houston, Texas 77027-4208.

### V.

### FACTUAL BACKGROUND

8. Plaintiffs are named insureds under a residential homeowners insurance policy, number TXL167005 (the "Policy"), issued by ASI.

9. On or about June 16 On or about June 16, 2017, Eduardo and Monica Salinas suffered extensive damage to their home at 2746 Quail Dove Ln., League City, Texas 77573 due to the sudden and accidental discharge of water from their upstairs bathroom and promptly

contacted their insurance agent to make a claim through ASI Lloyds ("ASI").

10.   On or about June 21, 2017, ASI assigned IAS Claim Services ("IAS") to inspect the damage to the Salinas' home. According to your denial letter dated July 11, 2017, the documentation returned by IAS following their inspection "showed visible evidence of long-term water damage outside the shower and downward into the garage area." Presumably, this determination was based on photographs that you provided to my clients that show the presence of mold. However, we disagree with IAS's findings. According to our consulting mold expert, given the conditions of the environment in which the water event occurred, the amount of mold illustrated in the photographs could have formed within the first 24 to 48 hours following a sudden and accidental discharge of water.

In your denial later, you cite, without ever determining the water source, that the water leak was caused by "wear, tear, and deterioration." Because this conclusion was made without any supporting evidence, we dispute this finding. Further, you state in your denial letter that the policy also excludes water damage caused by repeated leakage of water or steam occurring over a period of 14 days or more and cite evidence that "the shower has been leaking for weeks, months or years." Again, based on the opinion of our mold expert, we dispute this finding. The evidence you are referring to in reaching this conclusion could have been formed within the first 24 to 48 hours, and certainly would have developed within the first 13 days of the event.

Moreover, based on recent case law surrounding this issue, we disagree with your position that that repeated leakage of water over a 14 day period or more is a valid basis for denying the Salinas' claim in its entirety since the damage the Salinas' home suffered would have occurred within the first 13 days of any water leak. See *Coutts v. Florida Peninsula Insurance (Fla. 11th Cir. Ct. Mar. 4, 2016)* and its progeny, which involve all risks policies with similar exclusions to those found in the Salinas' policy. In *Coutts*, the circuit court held, "[I]f the 'loss' was realized between days 1 and 13 it is not excluded, even though the 'condition' may have remained on the property for 14 days or longer. Thus, the stipulation that the home was exposed to water for 14 or more days proved just that – and nothing more."

Further, we assert that ASI acted in Bad Faith by swiftly denying the Salinas' claim entirely without first conducting a thorough investigation to determine the cause, or source, of the water leak or discharge. As a result of ASI's decision to deny the Salinas' claim, they suffered tremendous mental anguish while trying to pay the $9,242.00 repair bill themselves, and in the course of their repeated, unsuccessful attempts to get ASI to fulfill their contractual duties.

## VI.

## CAUSES OF ACTION

**A. Breach of Contract**

11. Defendant ASI had a contract of insurance with Plaintiffs. Plaintiffs met or performed all conditions precedent under the contract. ASI breached the terms of that contract by wrongfully denying or underpaying the claim and Plaintiffs were damaged thereby.

12. Defendant ASI is therefore liable to Plaintiffs for breach of contract.

### B. Prompt Payment of Claims Statute

13. The Claim is a claim under an insurance policy with Defendant ASI, of which Plaintiffs gave ASI proper notice, causing ASI to be liable for the Claim.

14. Defendant ASI violated the prompt payment of claims provisions of the TEX INS. CODE §542.051 *et seq.*, by:

   a. Failing to acknowledge or investigate the claim or to request from Plaintiffs all items, statements, and forms ASI reasonably believed would be required within the time constraints provided by TEX INS. CODE §542.055;

   b. Failing to notify Plaintiffs in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by TEX INS. CODE §542.056; and/or

   c. Delaying payment of the Claim following ASI's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX INS. CODE §542.058.

15. Defendant ASI is therefore liable to Plaintiffs for damages. In addition to Plaintiffs' claim for damages, Plaintiffs are entitled to 18% interest and attorneys' fees as set forth in TEX INS. CODE §542.060.

### C. Unfair Settlement Practices/Bad Faith

16. Each of the foregoing paragraphs is incorporated by reference in the following.

17. As explained further herein, Defendant violated TEX INS. CODE §542.060(a) by engaging in unfair settlement practices.

**Defendant ASI**

18. Defendant ASI engaged in unfair settlement practices by:

   a. Misrepresenting to Plaintiffs a material fact or policy provision relating to the coverage at issue;

   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after ASI's liability had become reasonably clear;

   c. failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   d. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

   e. refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

19. Each of the aforementioned unfair settlement practices were committed knowingly by Defendant ASI and was a producing cause of Plaintiff's damages. ASI is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiffs' damages.

**D. DTPA**

20. Each of the foregoing paragraphs is incorporated by reference here fully.

21. At all material times herein, Plaintiffs are "consumers" who purchased insurance products and services from Defendant, and the products and services form the basis of this action.

22. Defendant has violated the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") in at least the following respects:

   a. Defendant represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

   b. Defendant represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

   c. Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiffs into a transaction Plaintiffs would not have entered into had the information been disclosed;

   d. Defendant, by accepting insurance premiums, but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA §17.50(a)(1)(3) in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

   e. Generally engaging in unconscionable courses of action while handling the claim; and/or

f. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

**23.** As a result of Defendant's violations of the DTPA, Plaintiffs suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiffs' damages. Therefore, Defendant is liable to Plaintiffs for violations of the DTPA.

**24.** Further, Defendant knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code §541.152(a)-(b).

**E. Breach of Duty of Good Faith and Fair Dealing**

**25.** Defendant ASI breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment of the Claim when ASI knew or should have known liability was reasonably clear. ASI's conduct proximately caused Plaintiffs' damages.

**26.** Defendant ASI is therefore liable to Plaintiffs.

## VII.

## ACTUAL DAMAGES

**27.** As a direct and proximate result of Defendant ASI's conduct, Plaintiffs have been damaged because ASI has deprived them of $30,740.00 in Policy benefits owed (i.e. the amount allowed under the Foundation Coverage provision of the Policy minus the deductible and $10,000.00 paid under the Limited Water Damage Coverage Endorsement of the policy).

## VIII.

## ATTORNEY'S FEES

**28.** Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

**29.** Plaintiffs are entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001-38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

**30.** Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code §17.50(d).

**31.** Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.

## CONDITIONS PRECEDENT

**32.** All conditions precedent to Plaintiffs' right to recover have been fully performed, or have been waived by Defendant.

## X.

## JURY TRIAL DEMAND

**33.** Plaintiffs demand a jury trial of this cause and has or will tender the appropriate jury fee.

## XI.

## DISCOVERY REQUESTS

**34.** Pursuant to Rule 194, Defendant is requested to disclose, within fifty (50) days after service of this request, the information or materials described in Rule 194.2(a)-(l).

35. Defendant is also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.

## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

36. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby gives notice of Plaintiffs' intent to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendant has or will produce in response to Plaintiffs' written discovery requests.

## XIII.

## CONCLUSION

61. Plaintiffs prays that judgment be entered against Defendant ASI and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or unpled within this Original Petition.

## XIV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray they be awarded all such relief to which they are due as a result of the acts of Defendant ASI, and for all such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**DALY & CAMPBELL LAW FIRM, PLLC**

*/s/Brendan Daly*
Brendan M. Daly
Texas Bar No. 24053166
bdaly@dalycampbell.com
James Reese Campbell
Texas Bar No. 24045020
reese@dalycampbell.com
1506 Winding Way Drive
Bldg. 108, Suite 503
Friendswood, Texas 77546
Telephone: (281) 488-1500
Facsimile:  (281) 488-1501

**ATTORNEYS FOR PLAINTIFFS**

This form has been revised due to the data provided on the OCA Civil Case Information Sheet that is required to be filed with every new suit. The OCA Civil Case Information Sheet is available on our website.

## The District Courts of Galveston County, Texas Status Conference Notice

## Please calendar this event

All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409-766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

### Date: 10/03/2019 set in the 212th District Court

| Case Number: | 19-CV-1259 |
|---|---|
| Case Style: Eduardo Salinas, Et Al vs. ASI Lloyds, Inc. | |

***Helpful Information:*** *Please visit our website at* http://www.galvestoncountytx.gov/dc

*FAQ*

*Forms*

*Fee Schedules*

*Remote Access to on-line case record searches*

*Contact and Mailing information*

*Passport Services*

*E Filing Information*

*E Juror- online juror registration*

**Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible.**

*JOHN D. KINARD, District Clerk, Galveston County, Texas*

*District Clerk Personnel proudly serving our customers, community, and supporting the Judiciary*

JUL 1 8 2019